Ms. Leona B. Bechtelheimer Tax Collector Hernando County 20 N. Main Street, Room 214 Brooksville, Florida 33512
Dear Ms. Bechtelheimer:
This is in response to your request for an opinion on substantially the following question:
 MAY THE RESPONSIBILITY FOR THE COLLECTION AND DISTRIBUTION OF OCCUPATIONAL LICENSE TAXES BE TRANSFERRED BY ORDINANCE FROM THE TAX COLLECTOR TO THE LOCAL CODE ENFORCEMENT BOARD?
Chapter 205, F.S., the "Local Occupational License Tax Act," provides for the implementation of license taxes by which local governing authorities are empowered to levy such taxes as required by the State Constitution. See, ss 1(a) and 9(a), Art. VII, State Const. Subsection (4) of s 205.033, F.S., provides that the revenues derived from the collection of the occupational license tax, after excluding the costs of collection and any credit given for municipal license taxes, shall be apportioned between the unincorporated areas of the county and the incorporated municipalities on the basis of the formula provided therein. Subsection (5) of that statute provides that the apportioned revenues shall be sent to the respective governing authorities within 15 days following the month of receipt. Section192.091(2)(b), F.S., provides that the county tax collectors are entitled to receive the percentage provided therein of county taxes, including licenses, as a commission. In AGO 72-397, this office concluded that the tax collectors' commissions provided for by s 192.091(2), F.S., should be deemed the "costs of collection" provided for in s 205.033(4), F.S. (1972 Supp.), to be excluded from the gross revenues derived by the county from the occupational license tax prior to the apportionment of said revenues between the unincorporated area of the county and the incorporated municipalities located therein. Subsection (1) of s205.053, F.S., provides in relevant part that "[a]ll licenses shall be sold by the appropriate tax collector." In a noncharter county, the tax collector is the collector of the county license tax. Subsection (4) of s 205.043, F.S., provides that "[i]f the governing body of the county in which the municipality is located has levied an occupational license tax or subsequently levies such a tax, the collector of the county tax may issue the license and collect the tax thereon."
While the governing body of the county has been granted broad home rule powers by s 1(f), Art. VIII, State Const., as implemented by s 125.01, F.S., and as construed by the Florida Supreme Court in Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), it derives no home rule power from s 1(f) of Art. VIII, State Const., and s 125.01, F.S., to regulate the issuance or sale of occupational licenses or the collection of license taxes. Rather, the levying and collection of license taxes, or the issuance or sale of occupational licenses and the collection of license taxes, are matters which are the exclusive prerogative of the Legislature pursuant to ss 1(a) and 9(a), Art. VII, State Const., as implemented by Ch. 205, F.S. See, AGO 84-65. Moreover, the power and duty of a county officer to issue or sell occupational licenses and to collect occupational license taxes and his compensation therefor must be fixed by law. See, s 5(c), Art. II, State Const. Such power may not be conferred or such duty imposed on any county officer by the governing board of the county by ordinance or resolution. Such licenses must be sold and such taxes collected as directed by the Legislature in Ch. 205, F.S., and in no other way. When the controlling law, s 205.053(1), F.S., directs how a thing shall be done, it is, in effect, a prohibition against it being done in any other way. See, Alsop v. Pierce,19 So.2d 799, 806 (Fla. 1944); AGO 84-65 and cases cited therein.
Furthermore, the local government code enforcement board, which enforces the "technical codes" in force in the county, has no jurisdiction to issue or sell occupational licenses or to enforce the collection of occupational license taxes, which are collected and enforced as prescribed in s 205.053, F.S. While s 162.02, F.S. (Local Government Code Enforcement Boards Act) includes a "occupational license" within its enumeration of "technical codes" to be enforced by the code enforcement board, I am of the view that such reference has to do with the regulatory licenses mentioned in s 205.022(1), F.S., which defines "[l]ocal occupational license," to exclude from the operation of Ch. 205, F.S., "any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection." See also, s 125.01(1)(h), F.S. The occupational license tax is not a technical code or levied under the police power or as a part of any regulatory or technical code. As noted in AGO 84-55, the local governing bodies do not possess any home rule power over the local code enforcement boards or the duties and powers conferred and imposed thereon by the Legislature, and may not by ordinance in effect amend or add any provision to Ch. 162, F.S., so as to authorize or require the local enforcement boards to perform any function or duty other than those prescribed in Ch. 162, F.S. Compare, AGO 81-25 (jurisdiction of a Municipal Code Enforcement Board is limited to the enforcement of the various occupational license, fire, building, zoning, sign and related technical codes as prescribed in s 166.052, F.S.). Thus, the governing body of the county is not authorized by law to grant any authority to or impose any duty on the local code enforcement board to issue or sell revenue occupational licenses or to collect occupational license taxes or in any way to regulate the levying and collection and disbursement or distribution of such taxes.
In summary, it is my opinion that the power conferred and the duty imposed on the county tax collector by s 205.053, F.S., to issue or sell county occupational licenses or to collect the county occupational license tax and to apportion and distribute the revenues derived therefrom as directed by s 205.033, F.S., may not be transferred by ordinance from the tax collector to the local government code enforcement board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General